IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEWAYNE SLAUGHTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1900 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Dewayne Slaughter, proceeding *pro se*, filed a section 2254 habeas petition challenging his conviction and forty-year sentence for murder. Respondent filed a motion for summary judgment (Docket Entry No. 13), to which petitioner filed a response (Docket Entry No. 19).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner was convicted of murder and sentenced to forty years incarceration on April 27, 2012. The conviction was affirmed on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and petitioner did not seek discretionary review. *Slaughter v. State*, No. 14-12-00398-CR (Tex. App. –Houston [14th Dist.] 2013, no pet.). The Texas Court of Criminal Appeals denied petitioner's application for state habeas relief on March 19, 2014.

Petitioner raises the following claims for federal habeas relief in the instant petition:

1. Trial counsel was ineffective in

   a. failing to investigate whether the victim's pockets were turned inside out by the medical examiner;

   b. failing to investigate the 911 recording;

   c. failing to interview the State's witnesses;

   d. soliciting evidence of petitioner's prior assault conviction during his direct examination of petitioner;

   e. failing to object to cross-examination regarding a burglary conviction;

   f. failing to impeach a State's witness;

   g. failing to preserve error on his objections that were denied;

   h. failing to file motions;

   i. failing to interview State and defense witnesses;

   j. failing to call a defense witness;

   k. failing to investigate the State's reference to a 1989 burglary;

   l. failing to call punishment witnesses; and

   m. failing to have the trial court instruct a juror not to talk to other jurors during a bench hearing.

2. The trial court erred and denied him a fair trial in failing to instruct the jury regarding alleged juror misconduct.

3. Appellate counsel was ineffective in failing to raise prosecutorial misconduct.

Respondent argues that these claims are procedurally defaulted and barred from consideration by this Court.

### *Procedural Default and Bar*

Respondent contends that a comparison between the claims petitioner raised here and those he raised on state collateral review shows that his instant claims are procedurally defaulted and barred from consideration by this Court. The Court has carefully compared the two sets of habeas claims, and agrees with Respondent's analysis.

Petitioner raised the following claims in his state habeas proceeding:

1. Trial counsel failed to make specific findings of fact and conclusions of law as to the voluntariness of his confession.

2. The trial court abused its discretion in not admitting the recording of his police statement, and the State withheld evidence of the recording.

3. Trial counsel failed to object to his police interview or the police officer's related testimony.

4. The evidence was insufficient to support his conviction.

5. Witness testimony contained false statements, a reckless disregard for the truth.

6. Petitioner is entitled to a new trial based on material omitted evidence, namely, his recorded police interview in which he turned himself in to the police.

7. Juror misconduct because a juror spoke with the victim's family.

8. Trial counsel misrepresented the record.

9. Witness testimony was filled with discrepancies and showed that petitioner acted in self defense.

3

10. A witnesses tampered with evidence, in that the victim's pockets were turned inside out.

11. Appellate counsel was ineffective in mis-characterizing the evidence and failing to raise insufficiency of the evidence.

12. Trial counsel failed to show graphic illustrations that would have countered the State's witnesses.

13. Trial counsel failed to hire an expert to examine the evidence.

14. Trial counsel failed to thoroughly investigate the scene of the crime.

15. Trial counsel failed to request a jury instruction on self defense.

16. Discrepancies in witness testimony amounted to perjury.

These grounds are materially different from the grounds petitioner has presented herein; consequently, petitioner's claims were not exhausted in state court. Because petitioner has already pursued state habeas relief, however, any attempt to present these unexhausted claims to the state court in a second habeas proceeding would be dismissed as an abuse of the writ under state law. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim, which would be barred by the Texas abuse of the writ doctrine if raised in a successive state habeas petition, to be procedurally barred); *see also Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1997). The Fifth Circuit has noted that the Texas Court of Criminal Appeals applies its abuse of the writ rules regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995). Thus, petitioner's federal habeas claims are procedurally defaulted and barred from consideration by this Court.

For this Court to reach the merits of these barred claims, petitioner would need to establish "cause" and "prejudice" regarding the default. *See Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991); *see also Fearance*, 56 F.3d at 642. Petitioner has failed to argue, much less establish, cause and prejudice, nor has he shown that he is actually innocent of the crime for which he was convicted. Consequently, petitioner's claims must be dismissed as procedurally barred.

Respondent argues that, notwithstanding petitioner's procedural default, three of petitioner's federal claims for ineffective assistance of counsel have elements arguably similar to one or more of his state court claims. In an abundance of caution, respondent has set forth these claims and shown why they lack merit. In the interest of justice, the Court will address respondent's arguments, as the three defaulted grounds have no merit.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).

A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 131 S. Ct. at 786. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.* (emphasis added; internal citations omitted).

6

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

7

facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d

1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner contends that trial counsel was ineffective in the following instances.

*Failure to Investigate the Scene*

Slaughter claims that his attorney was ineffective because he failed to investigate the scene of the offense. Specifically, he claims that trial counsel failed to conduct an independent investigation as to whether the victim's pockets were turned inside out and failed to bring the issue of the victim's pockets to the attention of the jury. According to petitioner's unsupported allegations, the victim's pockets were inside out because he was

pulling a gun out of the pocket, which would prove petitioner shot and killed him in self defense.

The trial record shows that counsel was aware of the importance of the pockets, and that he brought the issue to the jury's attention. During opening argument, counsel told the jury that the victim had been aggressively approaching petitioner, and that he put his hands in his pockets to pull out what petitioner believed was a firearm. R.R., Vol. 4, p. 23. Counsel argued that petitioner then pulled out his own gun and shot the victim in self defense. *Id*. Counsel subsequently objected to a photo of the crime scene because it did not show the victim's gun; counsel argued that police investigators had removed it prior to taking the photo. *Id*., p. 120. The medical examiner testified that she turned the victim's pockets inside out, explaining, "We do that at the scene in order to secure any property that is in those pockets." *Id*., Vol. 5, p. 136. Petitioner contends that the medical examiner lied.

To establish an ineffective assistance of counsel claim based on failure to investigate, a petitioner must allege with specificity what the further investigation would have revealed and how it would have changed the outcome of the trial. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Here, petitioner provides no probative summary judgment evidence of what specific investigation counsel failed to undertake, that he actually failed to undertake such investigation, what the results of such investigation would have shown, and that the results would have made a difference in the result of his trial. His bare

10

assertions of what an investigation would have shown, based on his disagreements with the State's evidence, are insufficient to meet his burden of proof under either *Strickland* or AEDPA.

In rejecting this issue on collateral review, the state trial court found that petitioner's claims were conclusory and unsupported in the record, and that trial counsel provided petitioner reasonably effective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to Request Juror Instruction*

Petitioner further claims that his counsel was ineffective for failing to instruct a juror. Petitioner argues that the instruction was necessary because one of the juror's recognized the victim's sister's boyfriend in the hallway during a break and spoke with him. The boyfriend was not a witness at trial.

The record shows that, when the trial court became aware that a juror had spoken to a person in the hallway, the court questioned both the juror and the person. The juror said that she said hello to someone in the hallway that she had not seen in over twenty years. R. R., Vol. 4, p. 125. The prosecutor and defense counsel were allowed to question both individuals. *Id.*, pp. 125, 128–129. The person stated that the victim was his girlfriend's brother and that he had not seen the juror he spoke with in about twenty-five

years. *Id*., pp. 128–129. Petitioner does not specifically identify the nature or necessity of the instruction he claims should have been given to the juror. The record shows that the trial court instructed them to refrain from speaking to each other until the trial was over. *Id*., p. 129. Nothing in the record shows that the individuals violated that order, or that the juror made any statements, prejudicial or otherwise, to any other juror regarding her having briefly seen the person.

Petitioner fails to demonstrate that any particular juror instruction was necessary under those limited circumstances, or that the trial court's refusal to give the instruction if requested would have constituted reversible error. Moreover, petitioner fails to show that, but for counsel's failure to request the instruction, there is a reasonable probability that the result of the trial would have been different. Petitioner establishes neither deficient performance nor actual prejudice under *Strickland*.

In rejecting this issue on collateral review, the state trial court found that petitioner's claims were conclusory and unsupported in the record, and that trial counsel provided petitioner reasonably effective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to Interview and Impeach Witnesses*

Petitioner claims that trial counsel was ineffective in not interviewing the State's witnesses, because their testimony was conflicting, false, and perjured.

Petitioner's allegation that counsel did not interview the witnesses is unsupported in the record or by probative summary judgment evidence. Further, petitioner fails to show that, had counsel asked to interview them, they would have agreed to speak with him. Regardless, petitioner fails to establish that counsel's cross examination of the State's witnesses was improper or inadequate, and fails to show that, but for counsel's failure to ask a witness a particular question, there is a reasonable probability that the result of the trial would have been different.

Petitioner's dissatisfaction or disagreements with the witness's testimony does not establish that counsel was deficient. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Nor does petitioner rebut the strong presumption that counsel's decisions regarding cross examination were the product of reasoned trial strategy. *Id*. Moreover, contradictory testimony from witnesses, inconsistencies within a witness's testimony, and conflicts between reports, written statements, and the trial testimony of prosecution witnesses do not, standing alone, establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*.

In rejecting this issue on collateral review, the state trial court found that petitioner's claims were conclusory and unsupported in the record, and that trial counsel provided petitioner reasonably effective assistance of counsel. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Failure to File Motions*

Although not addressed by respondent, the Court notes that petitioner complains here that trial counsel failed to file a motion for discovery or a motion in limine. In his state habeas proceeding, petitioner had complained that trial counsel did not file pretrial motions. In the interest of justice, the Court will examine petitioner's federal habeas claim.

In rejecting petitioner's claim on collateral review, the trial court found that petitioner "fail[ed] to show what pretrial motions had merit, and that, had these pretrial motions been filed, they would have been granted." *Ex parte Slaughter*, p. 67. The trial court concluded:

> The applicant is obliged to prove that pretrial motions would have been granted in order to satisfy *Strickland*. The applicant's conclusory allegation that counsel did not file a motion is not enough to make this showing.

*Id.*, p. 71 (citation omitted).

Petitioner did not specifically claim on state collateral review that counsel failed to file motions for discovery or in limine. Nevertheless, the state court rejected petitioner's

14

claim that counsel was in ineffective in not filing *any* pretrial motions. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record.

In the instant petition, petitioner fails to specify what counsel should have sought to discover or exclude in limine, fails to show that the motions would have been granted if pursued, and fails to show that, but for counsel's failure to pursue the motions, there is a reasonable probability that the result of the trial would have been different. Petitioner demonstrates neither deficient performance nor actual prejudice under *Strickland*, and he is not entitled to habeas relief on this claim.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 13) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on March 3, 2015.

_____
Gray H. Miller
United States District Judge